**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIFFANY R. HENDERSON,

    Plaintiff,

v.                                                    Case No. 13-14892

ENTERPRISE LEASING OF
DETROIT, LLC, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER DISMISSING INDIVIDUAL PARTIES, DISMISSING
PLAINTIFF'S CLAIMS FOR SEX AND DISABILITY DISCRIMINATION, AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On November 26, 2013, *pro se* Plaintiff Tiffany Henderson sued her former employer, Defendant Enterprise Leasing of Detroit ("Enterprise"), alleging discrimination under the Americans with Disabilities Act ("ADA") and Title VII.[1] Defendant moved for summary judgment. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the forgoing reasons, Andy Zak, Jennifer Schurga, Sean Carriveau, Tyra Thomas, and Sara Mackool will be dismissed as parties, Plaintiff's claims for Title VII sex discrimination and ADA disability discrimination will be dismissed, and Defendant's motion for summary judgment will be granted.

---

[1] Plaintiff's complaint names five additional individuals as defendants: Andy Zak, Jennifer Schurga, Sean Carriveau, Tyra Thomas, and Sara Mackool. (Dkt. # 1, Pg. ID 1.) In her response, Plaintiff clarifies that her "ADA claim is against Enterprise Leasing of Detroit LLC" and she simply "listed" the individuals "that did the violations." (Dkt. # 20, Pg. ID 120.) Moreover, even if Plaintiff intended to maintain claims against the five individuals, her claims would be barred because, under the ADA and Title VII, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Thus, these five individuals will be dismissed as parties from this action.

I. BACKGROUND

In July 2008, Plaintiff began work as a rental car agent at National Car Rental and Alamo Car Rental at Detroit Metropolitan Airport, a subsidiary of Vanguard Incorporated. (Dkt. # 16-10, Pg ID 104.) In August 2009, Enterprise acquired Vanguard Incorporated, and Plaintiff became an Enterprise employee. (Dkt. # 16-4, Pg. ID 87.)

During her tenure at Enterprise, Plaintiff alleges that two co-workers "were sending email[s]" and "laughing and making fun of [her] disability." (Dkt. #1, Pg. ID 1.) In addition, Plaintiff claims that her supervisor, Jennifer Schruga, "constantly would sexually harass" her, including "hitting [her] on [her] behind and . . . referring to [her] as 'bootyluscious.'" (Dkt. # 1, Pg. ID 2.) Plaintiff claims Schruga "unfairly targeted [her] racially," and made her "do certain things that [her] Caucasian coworkers did not have to [do]." (*Id.*) Plaintiff claims that after she reported these alleged incidents to branch manager Tyra Thompson and human resources manager Sara MacKool, they did nothing to rectify the harassment. (*Id.*)

On August 14, 2012, Plaintiff filed a complaint with the Michigan Department of Civil Rights and Equal Employment Opportunity Commission ("EEOC") alleging race discrimination in violation of Title VII. On August 27, 2013, the EEOC administratively dismissed Plaintiff's complaint and issued her a right-to-sue letter.

II. STANDARD

Summary judgment is proper only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable

inferences in that party's favor." *Sagan v. United States*, 342 F.3d 403, 497 (6th Cir. 2003).

The moving party has the initial burden of showing the absence of a genuine dispute as to a material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Summary judgment, therefore, is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment. Instead, the disputed factual issue must be material. A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

Filings by *pro se* litigants are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When reviewing *pro se* complaints, the court must employ "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. DISCUSSION

Plaintiff appears to allege three causes of action: (1) Title VII race discrimination; (2) Title VII sex discrimination; and (3) ADA disability discrimination.

#### A. Title VII Race Discrimination

To establish a *prima facie* case of race discrimination under Title VII, an employee must prove that: (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job; and (4) she was treated differently from similarly situated non-minority employees for the same or similar conduct. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 567 (6th Cir. 2001). "It is now quite well-established that, in order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Mitchell v. Toledo Hospital*, 964 F.2d 577, 584 (6th Cir. 1992). The Sixth Circuit has explained that "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource* 576 F.3d 551, 558–559 (6th Cir. 2009) (citation omitted); *see also Lewis v. Philip Morris Inc.,* 355 F.3d 515, 533 (6th Cir.2004) (finding that "conclusory statements" unsupported by specific facts will not permit a party to survive summary judgment); *Doren v. Battle Creek Health System,* 187 F.3d 595, 598–599 (6th Cir.1999) (holding that affidavits that contained no "specific facts" but "are merely conclusory, restating the requirements of the law . . . therefore cannot create a genuine issue of material fact sufficient to defeat summary judgment").

Plaintiff fails to produce any admissible evidence giving rise to an inference of race discrimination. The only discussion of race discrimination in Plaintiff's complaint is

4

one sentence alleging that her supervisor, Jennifer Schurga, "made [Plaintiff] do certain things that [her] Caucasian coworkers did not have to [do]," and that she was "unfairly targeted racially." (Dkt. # 1, Pg. ID 2.) However, Plaintiff does not identify any examples of "certain things that [her] Caucasian coworkers did not have to [do]" or explain how she was "unfairly targeted racially." Plaintiff's statements in her complaint and in her response are "conclusory." That is, they state conclusions without pointing to any particular facts that might support such conclusions. In the absence of actual evidence detailing or supporting these bare assertions, Plaintiff cannot establish a claim under Title VII.

Accordingly, Defendant's motion for summary judgment with respect to Plaintiff's Title VII race discrimination claim will be granted.

### B. Title VII Sex Discrimination and ADA Disability Discrimination

Plaintiff alleges a hostile work environment claim based on sex under Title VII, and a harassment claim under the ADA. Under Title VII and the ADA, before filing a complaint in the district court, a plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC or the appropriate state agency, and obtain a right-to-sue letter. 29 U.S.C. §§ 626(d)-(e); 42 U.S.C. §§ 2000e-5(e)-(f); *see Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). "Federal courts do not have subject matter jurisdiction of Title VII [or ADA] claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably grow out of the EEOC charge." *Jones v. Sumser Ret. Vill.,* 209 F.3d 851, 853 (6th Cir. 2000) (quoting *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir. 1998)). Thus, the failure to timely exhaust available administrative remedies is an appropriate

basis for dismissal of an ADA or Title VII action. *See Abe v. Michigan Dep't of Consumer & Indus. Servs.*, 229 F.3d 1150 (6th Cir. 2000) (Title VII); *Marcum v. Oscar Mayer Foods Corp.*, 46 Fed. App'x. 331 (6th Cir. 2002) (ADA).

Plaintiff failed to exhaust her EEOC administrative remedies for her sex and disability discrimination claims prior to commencing suit. In her EEOC "Charge of Discrimination," Plaintiff only checked the box for "race" discrimination; she left both the sex and disability discrimination boxes empty.[2] (Dkt. # 16-10, Pg. ID 104.) Similarly, Plaintiff's factual allegations only include acts of race discrimination; there is no mention of Plaintiff's sex or alleged disability. (*Id.*) As a result, the court lacks subject matter jurisdiction over Plaintiff's claims for sex and disability discrimination. *See Sikora v. United Parcel Serv., Inc.*, 2012 WL 5344476, at *2 (E.D. Mich. Oct. 29, 2012) ("A failure to include claims in the EEOC Charge deprives the court of subject matter jurisdiction over those claims.").

Accordingly, Plaintiff's claims for Title VII sex discrimination and ADA disability discrimination will be dismissed.

## IV. CONCLUSION

---

[2] Although not checked, the sex discrimination box is circled. (Dkt. # 16-10, Pg. ID 104.) However, even liberally construing Plaintiff's "Charge of Discrimination," she has not exhausted her administrative remedies with respect to sex discrimination. Plaintiff neither checked the sex discrimination box nor described any facts indicating that she has a sex discrimination claim. (*Id.*) The EEOC "Notice of Charge of Discrimination" sent to Defendant corroborates the court's interpretation of Plaintiff's "Charge of Discrimination." In that document, under "circumstances of alleged discrimination," only the box for "race" is checked. (Dkt. #16-10, Pg. ID 106.)

For the reasons stated above, IT IS ORDERED that Andy Zak, Jennifer Schurga, Sean Carriveau, Tyra Thomas, and Sara Mackool are DISMISSED as parties from this action.

IT IS FURTHER ORDERED that Plaintiff's claims for Title VII sex discrimination and ADA disability discrimination are DISMISSED.

Finally, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 16] is GRANTED.

     s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2014, by electronic and/or ordinary mail.

     s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522